740 F.2d 7
 SIMMONS FIRST NATIONAL BANK, Administrator of the Estate of
Joe Lee Kastner, deceased and Guardian of the Estate of Mary
Ann Brewer, an incompetent; Carl Brewer and Paul Beckham
and Christine Beckham, his wife, Appellants,
v.
PAPCO, INC. and National Loss Control Service Corporation, Appellees.
 No. 83-2650.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1984.
Decided July 12, 1984.
 
 Bridges, Young, Matthews, Holmes & Drake by R.T. Beard, III, Pine Bluff, Ark., for Papco, Inc.
 James D. Storey, Little Rock, Ark., for Nat. Loss Control Service Corp.
 Sandy S. McMath and Winslow Drummond, Little Rock, Ark., for appellants.
 Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH,* District Judge.
 PER CURIAM.
 
 
 1
 Simmons First National Bank, administrator of the estate of Joe Lee Kastner and guardian of the estate of Mary Ann Brewer, Carl Brewer, husband of Mary Ann Brewer, Paul Beckham and Christine Beckham, his wife, appeal from a summary judgment entered in the District Court[1] for the Eastern District of Arkansas in favor of Papco, Inc., and National Loss Control Service Corp. (NATLSCO) in an action for damages based on negligence.[2] For reversal appellants argue that the district court erred in holding that neither appellee owed a legal duty to appellants. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 On December 31, 1981, toxic fumes escaping from a grated open sewer line on the premises of the International Paper Co. (IPC) mill in Pine Bluff, Arkansas, caused the death of two IPC employees and injury to two others. The lethal fumes resulted from the mixture of two chemicals in the sewer line, each of which entered the sewer line at the same time from separate storage tanks located approximately 200 feet apart. One chemical entered the sewer line when a pump under its storage tank broke during a repair operation of the tank; the other chemical entered the sewer line during a routine cooling down procedure of the chemical. The workers at each tank had no knowledge of the simultaneous operation taking place at the other tank.
 
 
 3
 Several months before the accident, Papco, Inc., a general contractor and wholly-owned subsidiary of IPC, had on one occasion replaced one of the tanks involved and on another occasion cleaned the sewer line and repaired its walls. NATLSCO, a safety consultant firm, was under contract with IPC to conduct loss control surveys of areas frequented by the general public at the Pine Bluff location.
 
 
 4
 The injured employees and the estate of one of the deceased employees filed suit against Papco and NATLSCO for damages. Appellants' theory of liability against Papco was founded upon Papco's failure to warn of potential hazard in the design of the sewer system. The district court found that IPC planned the original design and construction of the sewer, that IPC hired Papco to perform basic repair work as specified by IPC, and that upon completion of Papco's work IPC inspected, accepted, and returned the sewer back into operation. Appellants did not contend that Papco's actual work was in any way defective nor claim now that either of Papco's two jobs caused or contributed to appellants' injuries. In this posture, the district court found that Papco had no contractual duty, no assumed duty, nor any regulatory duty to warn IPC employees of any potential danger presented by the sewer system.
 
 
 5
 Appellants' theory of liability against NATLSCO is founded upon its failure to inspect the site of the accident. Appellants seek to charge NATLSCO with a duty to inspect this non-public area of the IPC plant based upon NATLSCO's contractual obligation to provide safety evaluations for the safety of non-IPC personnel. Appellants argue that NATLSCO knew or should have known that gases hazardous to the general public could be generated in the non-public areas of the plant.
 
 
 6
 The district court rejected this argument, noting that the contract between IPC and NATLSCO made it clear that liability surveys for workers' compensation claims were not to be performed by NATLSCO at the Pine Bluff mill. The district court also found that NATLSCO in fact had never inspected the area in question. The district court therefore held that NATLSCO had no duty, either contractual or assumed, to inspect or conduct liability surveys of the non-public accident site area.
 
 
 7
 After reviewing the decision below, the record, the briefs on appeal, and listening to oral arguments, we are convinced that the district court committed no error of law or fact. Accordingly, we affirm the judgment of the district court on the basis of its well-reasoned opinion. See 8th Cir.R. 14.
 
 
 
 *
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 Simmons First National Bank v. Papco, Inc., 592 F.Supp. 719 (E.D.Ark. 1983)